IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KERLIN J. BELLOT,[1]  :
      Plaintiff  :
    :    No. 1:18-cv-00849
v.  :
    :    (Judge Kane)
BUREAU OFFICER SLOCUM,  :
      Defendants  :

**MEMORANDUM**

Plaintiff Kerlin J. Bellot ("Bellot"), an individual presently confined at the Federal Correctional Complex, Allenwood, Pennsylvania ("FCC-Allenwood"), filed this pro se complaint pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) (Doc. No. 1), on April 19, 2018, as well as a motion to proceed in forma pauperis (Doc. No. 2). Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"),[2] the Court will perform its mandatory screening of the complaint and for the reasons set forth below, will grant Bellot's motion to proceed in forma pauperis and will dismiss the complaint in part.

**I.  BACKGROUND**

The body of Bellot's complaint contains the following three allegations: (1) Ballot was denied a job; (2) after filing a grievance regarding the denial of the job in May, 2017, Defendant Slocum retaliated against Bellot on February 9, 2017[3] by throwing his personal items on the

---

[1] It appears that Plaintiff's last name is incorrectly spelled on the Docket. The correct spelling of Plaintiff's last name is "Bellot." The Clerk is directed to correct the Docket to reflect the accurate spelling of Plaintiff's last name.

[2] See The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

[3] It appears that Bellot may have mistakenly written the year 2017 when he meant 2018 given that it would have been impossible for Defendant Slocum to have allegedly retaliated against Bellot nearly three months before the incident occurred which allegedly triggered the retaliation. Also, Bellot subsequently alleges in the relief section of his complaint that it was a year later, or on February 9, 2018, that Defendant Slocum retaliated against him. (compare id. at 4 and 5.)

1

floor; and (3) on March 17, 2018, Bellot was issued a retaliatory incident report. (Doc. No. 1 at 4.) As relief, Bellot requests monetary damages in the amount of $5,000 for the false misconduct report; "an estimate of [$]250 – 400[] x['s] 6 months [or] $2,400" from June to December for lost wages he would have received if placed in the job he wanted; and "monetary damages due to [a] pattern of retaliation." (Id. at 4-5.)

## II. LEGAL STANDARD

### A. Screening and Dismissal of Prisoner Complaints

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). If a complaint fails to state a claim upon which relief may be granted, the court must dismiss the complaint. 28 U.S.C. § 1915A(b)(1). District courts have a similar screening obligation with respect to actions filed by prisoners proceeding in forma pauperis and prisoners challenging prison conditions. See 28 U.S.C. § 1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted . . . ."); 42 U.S.C. § 1997e(c)(1) ("The Court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action . . . fails to state a claim upon which relief can be granted.").

In dismissing claims under §§ 1915(e), 1915A, and 1997e, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Smithson v. Koons, Civ. No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a

2

claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). When evaluating the plausibility of a complaint, the court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff. See Iqbal, 556 U.S. at 679; In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). However, the court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

Based on this standard, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a Rule 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." Santiago v. Warminster Twp., 629

3

F.3d 121, 130 (3d Cir. 2010). In addition, in the specific context of pro se prisoner litigation, a district court must be mindful that a document filed pro se is "to be liberally construed." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle, 429 U.S. at 106) (internal quotation marks omitted)).

### B. Bivens

A Bivens civil rights action under § 1331 is evaluated under the same standards applicable to a § 1983 civil rights action. See Paton v. LaPrade, 524 F.2d 862, 871 (3d Cir. 1975); Veteto v. Miller, 829 F. Supp. 1486, 1492 (M.D. Pa. 1992). To state a claim under Bivens, a plaintiff must allege that he was deprived of a federal right by a person acting under color of federal law. See Young v. Keohane, 809 F. Supp. 1185, 1199 (M.D. Pa. 1992).

## III. DISCUSSION

Liberally interpreting Bellot's pleading, the Court construes the complaint as alleging a due process claim for not receiving a particular job and a First Amendment retaliation claim. (Doc. No. 1.)

### A. Due Process - Prison Employment

Bellot appears to allege that he was denied employment for a particular job despite his prior experience in that type of work. (Doc. No. 1 at 4.) However, "[p]risoners have no entitlement to a specific job, or even to any job." Banks v. Roberts, No. 1:06-cv-01232, 2007 WL 1574771, at *9 (M.D. Pa. May 31, 2007); see Wright v. O'Hara, Civ. No. 00-1557, 2002 WL 1870479, at *5 (E.D. Pa. Aug. 14, 2002) (holding that a plaintiff has no Constitutional right to any particular job in prison); Wilkins v. Bittenbender, No. 3:cv-04-2397, 2006 WL 860140, at

4

*9 (M.D. Pa. Mar. 31, 2006) (holding that the Constitution does not create a property right interest in prison employment).

Moreover, it is also well settled that prisoners have no inherent constitutional right to wages for work performed while incarcerated. See, e.g., Washlefske v. Winston, 234 F.3d 179 (4th Cir. 2000); Beatty v. DeBruyn, 77 F.3d 484 (Table) (7th Cir. 1996) ("[I]f prison officials can constitutionally require inmates to work without pay, they can certainly deny prisoners pay for doing nothing); Draper v. Rhay, 315 F.2d 193, 197 (9th Cir. 1963) (noting that, because the Thirteenth Amendment excludes convicted criminals from the prohibition of involuntary servitude, prisoners may be required to work without pay), cert. denied, 375 U.S 915 (1963). Here, Bellot alleges that he was denied employment. (Doc. No. 1 at 4.) However, without more, this allegation fails to rise to the level of a constitutional violation as he has no constitutional right to work while incarcerated. See Banks, 2007 WL 1574771, at *9. Consequently, this claim will be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.      Plaintiff's First Amendment Retaliation Claim**

Bellot's final claim is brought against Defendant Slocum for retaliation. (Doc. No. 1 at 5.) The Court construes Bellot's complaint as alleging two separate instances of retaliation. The first instance appears to have occurred on February 9, 2018 when Slocum allegedly threw all of Bellot's personal items out of his locker and onto the floor in retaliation for Bellot's grievance filed on May 4, 2017 with regard to not receiving a particular job. (Id. at 4, 5.) The second instance of retaliation appears to have occurred on March 17, 2018 when Slocum allegedly issued Bellot a false incident report after Bellot filed a grievance against Slocum for the February 9, 2018 locker incident. (Id.)

To state a retaliation claim under the First Amendment, a plaintiff bears the burden of satisfying three (3) elements. First, a plaintiff must prove that he was engaged in a constitutionally protected activity. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). Second, a plaintiff must demonstrate that he "suffered some 'adverse action' at the hands of prison officials." Id. (quoting Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000)). This requirement is satisfied by showing adverse action "sufficient 'to deter a person of ordinary firmness' from exercising his First Amendment rights." Id. (quoting Suppon v. Dadonna, 2013 F.3d 228, 235 (3d Cir. 2000)). Third, a prisoner must prove that "his constitutionally protected conduct was 'a substantial or motivating factor' in the decision to discipline him." Rauser, 241 F.3d at 333-34 (quoting Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977)). The filing of grievances is a constitutionally protected activity. See Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) (stating that the filing of an administrative grievance and a lawsuit are constitutionally protected conduct). Here, the Court finds that Bellot's retaliation claims survive screening. Accordingly, the Court will direct service of Bellot's complaint on Defendant Slocum as to the retaliation claim.

**C.    Leave to Amend**

Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a Court dismisses a claim that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962). The court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

6

previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." Id.  The court must also determine whether a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim.  In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002).

Based on the foregoing, Bellot will not be permitted leave to amend his due process claim with regard to prison employment, as the Court concludes that any amendment of this claim would be futile.  See Foman, 371 U.S. at 182; Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (providing that the futility exception means that a complaint, as amended, would fail to state a claim upon which relief can be granted).

**IV. CONCLUSION**

For the foregoing reasons, Bellot's motion to proceed in forma pauperis (Doc. No. 2), will be granted.  Bellot's complaint (Doc. No. 1), will be dismissed in part for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The Court will direct that the complaint be served on Defendant Slocum as to the remaining retaliation claim.  An appropriate Order follows.